UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**LAZARO ARGUELLES**
    **Plaintiff,**

v.

**VION HOLDINGS, LLC.**
    **Defendant.**
_____/

**Judge:**

**Case no:**

## ORIGINAL COMPLAINT

Comes now, the plaintiff, Lazaro Arguelles, (hereinafter referred to as "**the Plaintiff**"), on behalf of himself and by and through undersigned counsel, and alleges individual violations of the Fair Debt Collection Practices Act ("FDCPA") and the Florida Consumer Collection Practices Act ("FCCPA") against the defendant, Vion Holdings, LLC (hereinafter referred to as "**Vion**"), and in support thereof would state the following:

### JURISDICTION AND VENUE

1. This is an action for damages brought by an individual consumer against the named defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq., (hereinafter referred to as the "**FDCPA**"), and the Florida Consumer Collection Practices Act - FS §559 *et seq.*, (hereinafter referred to as the "**FCCPA**").

2. Jurisdiction of this Court arises under 15 U.S.C. §1681p and 15 U.S.C. §1692k(d). Supplemental jurisdiction rests upon 28 U.S.C. §1367.

3. The Defendant **Vion** is a business entity that regularly conducts business in the State of Florida and therefore is a citizen of the State of Florida.

1

## VENUE

4. The venue in the United States District Court for the Southern District of Florida is proper and based upon the following:

    a. The violations of the FDCPA alleged below occurred and/or were committed in Broward County, State of Florida, within the Southern District of Florida;

    b. At all times material hereto, the defendant, was and continues to be a corporation engaged in business activities in Palm Beach County, Florida and as such is a citizen of the State of Florida.

5. The Plaintiff, is an individual residing in Palm Beach County, Florida and is a "consumer" as that term is defined by 15 U.S.C. §1692 et seq.

## FACTS COMMON TO ALL COUNTS

6. Plaintiff is an "individual consumer" as defined by the **FDCPA** and is alleged to have incurred a financial obligation for primarily personal, family or household purposes, or more specifically an alleged debt with Chase Bank.

7. **Vion** is an alleged assignee of a consumer debt from Chase Bank.

8. On or around April 14, 2011, Defendant **Vion** filed a complaint for damages in Broward County against the Plaintiff, Case # COWE 11-6181, in an attempt to collect the alleged debt.

9. The complaint and summons were served on the Plaintiff's daughter, Beatriz Arguelles, at her home address; 6530 Scott Street, Hollywood, FL 33024.

10. The Plaintiff has never lived at this address in Broward and has resided in Palm Beach County for more than 10 years.

11. Plaintiff has been damaged as a direct and proximate cause of all of the Defendants' actions by having to hire a lawyer to defend him in an improper venue.

## COUNT ONE

### VIOLATION OF THE FDCPA – 15 U.S.C. §1692 et seq.

12. Plaintiff re-alleges and incorporates paragraphs 1 through 11 above as if fully stated herein.

13. Upon information and belief the foregoing acts and omissions of Defendant **Vion**, as further described within this Complaint, constitute violations of certain provisions of the FDCPA, and as such, each and every provision of 15 U.S.C. §1692 et seq., are at issue.

14. Upon information and belief, Defendant **Vion** has specifically violated 15 U.S.C. §1692i(a)(2) by filing a lawsuit in an improper venue as the Plaintiff does not reside in Broward County.

15. Upon information and belief, Defendant **Vion** has specifically violated 15 U.S.C. §1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse the Plaintiff when they filed a lawsuit in an improper venue and county forcing the Plaintiff to defend himself in the wrong county.

16. As a result of this violation of the FDCPA by Defendant **Vion**, the Plaintiff has suffered out of pocket expenses as well as other actual damages and is therefore entitled to an award of damages pursuant to 15 U.S.C. §1692k(a)(1-3) from Defendant **Vion**.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully prays that a judgment be entered against Defendant **Vion** for an award of actual damages pursuant to 15 U.S.C. §1692k(a)(1); statutory damages pursuant to 15 U.S.C. §1692k(a)(2); the costs associated with litigation and reasonable attorney's fees pursuant to 15 U.S.C. §1692k(a)(3); and such other relief the Court deems just, equitable and proper.

## COUNT TWO

**Violation of the Florida Consumer Collection Practices Act §559 *et seq***

**(FCCPA)**

Plaintiff re-alleges and incorporates paragraphs 1 through 11 above as if fully stated herein.

17.  That **Vion** has violated the Florida Consumer Collection Practices Act §559 *et seq*. including, but not limited to, violations of §559.72(9), by asserting the existence of a legal right when they knew that right does not exist, specifically when they filed the lawsuit against the Plaintiff in an improper venue.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully prays that a judgment be entered against Defendant **Vion** for an award of:

   a.  Statutory damages;

   b.  Attorney's fees, litigation expenses and costs of suit;

   c.  Such other relief the Court deems just, equitable and proper, including actual damages, punitive damages and equitable relief.

Dated this 27 day of May, 2011.

Respectfully Submitted by,

The Fair Credit Law Group, LLC.
5371 NW 33rd Ave.
Suite 205
Ft. Lauderdale, FL 33309
Tel: 954-334-9100
Fax: 954-986-4777

_____
Filed by:
Joel A. Brown, Esq
FL Bar #0066575
Attorney for Plaintiff